**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Steven F. CLAYPOOLE, Respondent.**

**No. 2013–SC–000469–KB.**

Supreme Court of Kentucky.

Sept. 26, 2013.

---

### OPINION AND ORDER

A trial commissioner has recommended that Steven F. Claypoole receive a six-month suspension from the practice of law, conditionally probated for two years, for his alleged violations of former Supreme Court Rule ("SCR") 3.130–1.2(a), former SCR 3.130–1.4(b), former SCR 3.130–1.7(b), and former SCR 3.130–8.3(c).[1] Claypoole, whose Kentucky Bar Association ("KBA") number is 89169 and whose last known bar roster address is 1227 Keswick Blvd., Louisville, KY 40217, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2002.

In June, 2004, Teresa Muniz's son, Nick, was killed in an automobile accident. Within days of her son's death, Muniz met with Claypoole, her step-brother, to execute a release to obtain her son's motorcycle from an impound lot. Prior to meeting with Claypoole, Muniz was under the impression that her family attorney, Andrew Gailor, would be representing the family in any claims against the driver's insurance company. With Gailor out of the state,

---

1. These are references to the rules as they were written prior to the 2009 Amendments to the Rules of Professional Conduct. The current equivalent of SCR 3.130–1.7(b) is SCR 3.130–1.7(a)(2), and the current equivalent of SCR 3.130–8.3(c) is SCR 3.130–8.4(c). There were no substantive changes to the rules relevant to the disposition of this case.

Muniz agreed to meet Claypoole to review and sign the release. During that meeting, Claypoole presented Muniz with a variety of documents, which he reviewed with her for less than an hour before securing Muniz's signatures. Among the documents signed by Muniz was a contract for a contingent fee arrangement, authorizations for the release of health and employment records, and a document titled "Limited Power of Attorney." Claypoole did not fully explain the effect of the documents to Muniz, nor did he provide copies of the documents for her records.

Unbeknownst to Muniz, the driver of the vehicle that struck and killed her son was insured by Progressive Insurance, a client of Claypoole's firm. Claypoole neglected to conduct a conflicts check on the parties prior to Muniz's execution of the fee agreement and other documents. After his meeting with Muniz, Claypoole failed to notify his supervising attorney of Muniz's claim against Progressive Insurance, nor did he enter the case information into the firm's computer system. As an associate at the firm, Claypoole was familiar with the firm's procedure requiring attorneys to enter case information into the system in order to run a conflicts check. Without Muniz's information in the system, no subsequent conflicts check was conducted.

Despite this conflict of interest, Claypoole proceeded with Muniz's case by corresponding directly with Progressive Insurance. Claypoole's firm became aware of the conflict only when Progressive Insurance contacted another attorney at the firm and alerted him of the impending claim. In a letter dated July 8, 2004, Muniz terminated Claypoole from all representation.

The Inquiry Commission issued a four-count charge against Claypoole for his alleged violations of SCR 3.130–1.2(a) for failing to abide by a client's decisions concerning the objectives of representation and failing to consult with the client; SCR 3.130–1.7(b) by failing to explain matters to the extent reasonably necessary to permit a client to make informed decisions; SCR 3.130–1.4(b) by representing a client when representation would be materially limited by the attorney's responsibilities to another client; and SCR 3.130–8.3(c) by engaging in acts of dishonesty, fraud, deceit, or misrepresentation.[2]

Two days of hearings commenced on January 24, 2013, and concluded on February 7, 2013. The KBA called six witnesses, including Muniz and attorneys from Claypoole's firm. At the conclusion of the hearing, the trial commissioner concluded that Claypoole was guilty of all four charges of misconduct. Specifically, the trial commissioner found that Claypoole failed to adequately explain the documents presented to Muniz, who anticipated only executing a release to obtain the motorcycle, and that his "over-reaching" in having her sign the additional documents was deceitful. Additionally, Claypoole never informed Muniz of the conflict which prevented her from making informed decisions concerning her claims. The trial commissioner further found that Progressive Insurance provided significant business to Claypoole's firm, and senior members of the firm admitted that they would have never taken Muniz as a client had they known of the conflict. Claypoole himself had worked on Progressive Insurance cases for the firm, and had communicated with Progressive Insurance's claim representative in other cases before meeting with Muniz. Notably, Claypoole's own testimony at the hearing revealed that he

---

**2.** Claypoole instituted a civil action relating to the underlying issue in this case. As a result, there was a nine-year delay between the charged misconduct and the KBA hearing.

was unconcerned with checking for conflicts, but instead focused his attention on generating billable hours.

The trial commissioner recommended that Claypoole be found guilty of having engaged in the above-referenced misconduct, and be suspended from the practice of law for six months, probated for two years upon the condition that Claypoole successfully completes ten hours of remedial ethics training. In reaching this recommendation, the trial commissioner considered Claypoole's prior disciplinary history, which includes a 30–day suspension, as well as a 181–day suspension both of which were imposed when Claypoole failed to comply with the conditions of the relevant disciplinary orders.

 Neither Claypoole nor Bar Counsel has filed a notice for this Court to review the trial commissioner's decision as allowed under SCR 3.370(8).[3] This Court elects not to review the recommendation of the trial commissioner as allowed under SCR 3.370(8), as the trial commissioner's findings and conclusions are supported by the record and the law. The decision of the trial commissioner is adopted pursuant to SCR 3.370(9). Accordingly, it is hereby ORDERED:

1. Steven Claypoole is found guilty of the misconduct alleged against him. If Claypoole fails to comply with any of the conditions contained in this order during the two (2) year period following the entry of this order, then, upon motion of the KBA Office of Bar Counsel, a six (6) month suspension from the practice of law in the Commonwealth of Kentucky shall be imposed;

2. Claypoole shall complete, at his expense, the next scheduled Ethics and Professionalism Enhancement Program ("EPEP") (7 hours of remedial ethics training) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing legal education ("CLE") requirement, within twelve (12) months after entry of this Court's order;

3. In addition to his completion of EPEP, and separate and apart from his fulfillment of any other CLE requirement, Claypoole shall complete, at his expense, three (3) hours of remedial ethics education within twelve (12) months after entry of this Court's order. The remedial ethics education must be satisfied by Claypoole's personal attendance at a live CLE program, a satellite or video CLE program in the presence of a monitor, or other programs approved in advance by the KBA Office of Bar Counsel;

4. Claypoole shall furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that Respondent has not reported any hours to the CLE Commission that are taken as remedial education;

5. In accordance with SCR 3.450 and SCR 3.480(3)(b), Claypoole is directed to pay all costs associated with this disciplinary proceeding, said sum being $2,903.81, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.

---

**3.** The case is before this Court pursuant to SCR 3.360(4) and 3.370(9).